## Daw et al., Town Council of Dickson City, v. Enterprise Powder Mfg. Co., Appellant.

*Preliminary injunction—Nuisance—Storehouse for powder.*

A preliminary injunction to restrain the erection of a stone storage-house for blasting powder, in the outskirts of a borough, is properly refused on the application of the borough, where the affidavits for defendant tend to show that such powder is not highly explosive, and that another building for storing the same kind of powder is maintained in the built-up portion of the borough by other parties without objection.

Argued Feb. 21, 1894. Appeal, No. 238, Jan. T., 1894, by plaintiff, James Daw, chief burgess, et al., constituting the

Town Council of the Borough of Dickson City, from decree of C. P. Lackawanna Co., Nov. T., 1893, No. 7, refusing preliminary injunction. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill to restrain erection of powder-house in borough.

The facts appear by the following opinion of the court below, by GUNSTER, J.:

" The plaintiffs allege that the defendants are engaged in constructing a powder magazine near the settled portion of Dickson City borough and adjoining the railroad, to be used by the defendants for storing powder, dynamite, nitro-glycerine and other explosives and inflammable substances for the supply of the coal companies of Lackawanna county, and that the defendants intend to use said building within a few days for said purpose, and that such use will endanger the property and lives of those living in the vicinity, as well as the lives of those who are employed at the coal works in the vicinity or who may travel by there on the boulevard or railroad; that it will greatly depreciate the value of property in the neighborhood, and retard the growth of the borough.

" The defendants admit that they are constructing a storehouse, or magazine, but deny that they intend to put it to the uses charged in the bill, or that the uses to which they intend to put it will in any manner endanger life or property or affect the neighborhood unfavorably in any way. It appears from the affidavits of E. P. Kingsbury, F. H. Johnson and Wm. H. Taylor, that no dynamite, nitro-glycerine or other explosive, except blasting powder, is intended to be stored in the building, and that it is to be used only and solely for storing blasting powder; that blasting powder is not a high explosive; that the building is built of stone and iron, and to all intents and purposes fire proof; that the blasting powder to be stored therein is to be packed in cartridges, which in turn are to be packed in iron cases that are fire proof, and which will not be opened while stored in the building; that the powder is made of nitrate of soda, charcoal and brimstone, and that it cannot be exploded by concussion. Mr. Taylor is the president of the company and Mr. Kingsbury is the secretary thereof. Mr. Johnson testifies that he has been engaged in the powder business for up-

wards of seventeen years, and that he has never known of an explosion of a magazine for the storage of blasting powder anywhere in the Lackawanna or Wyoming regions.

"As was said in Weir's Appeal, 74 Pa. 230, and repeated in Dilworth's Appeal, 91 Pa. 247, the great difficulty in all cases of this character is not in the ascertainment of the true rule of equity, but in the application of that rule to the facts. While it may be easy to draw the line between what is and what is not a nuisance, which equity ought to enjoin, it is by no means so easy to determine whether the circumstances of any particular case ought to place it on one side or the other of that line. It is rare that any number of men will be found to agree upon such a question. This, however, is only a rule to continue a preliminary injunction.. The affidavits filed by way of answer are clear, positive and unequivocal denials of the material allegations of plaintiffs' bill. The officers of the company know best to what uses it is intended to put the structure complained of, and if their testimony be true, as I must accept it to be in the absence of evidence to the contrary, the uses to which they will put the building will be harmless and legitimate. If, on final hearing, the contrary be shown, or if at any time the building be put to such a use as will constitute a nuisance, they can still be enjoined. At this stage of the case, in the light of the testimony before me, I see no reason why the defendants should be restrained from completing the building, which is already nearly finished, or from storing blasting powder, of the character, and packed in the manner described in defendant's affidavits therein.

"The rule is discharged and the injunction heretofore granted is dissolved."

*Error assigned* was above decree.

*John R. Jones* and *John P. Kelly*, district attorney, *Joseph O'Brien* with them, for appellant, cited: Crowder v. Tinkler, 19 Ves. Jr. 617; Regina v. Lister, 3 Jur. 570; Hepburn v. Lordon, 2 H. & M. 345; Anonymous, 12 Mod. 342; Rex v. Taylor, 2 Str. 1167; Williams v. East India Co., 3 East, 192; Biggs v. Mitchell, 31 L. J. M. C. 468; Vaughan v. Menlove, 32 E. C. L. 613; 7 C. & P. 525; Trueman v. Gunpowder,

Thatch. Cr. Cas. 14; Cuff v. R, R., 35 N. J. L. 574; McAndrews v. Collerd, 42 N. J. L. 189; Cook v. Anderson, 85 Ala. 99; Wier's Ap., 74 Pa. 230; Rhodes v. Dunbar, 57 Pa. 274; Bradley v. People, 56 Barb. 72; Comminge v. Stevenson, 70 Tex. 642; Emory v. Hazard Powder Co., 24 S. C. 476; Cheathan v. Shearon, 1 Swan. 213; Laflin-Rand Powder Co. v. Tearney, 23 N. E. R. 389; Myers v. Malcolm, 6 Hill, 292; Heeg v. Licht, 80 N. Y. 579; Fillo v. Jones, 2 Abb. Ct. Ap. Dec. 121; 16 A. & E. Ency. L. 955, § 8; Biddle v. McCracken, 13 W. N. 514; Klingler v. Bickel, 117 Pa. 337; Act of April 3, 1851, P. L. 316; Booth v. Russell, 3 Mont. Co. R. 131.

*W. W. Watson, James W. Oakford* with him, for appellee, cited: Commissioners v. Long, 1 Pars. 146; Warring v. Cram, 1 Pars. 526; Langolf v. Seiberlitch, 2 Pars. 71; New Boston Coal & Mining Co. v. Pottsville Water Co., 54 Pa. 164; Mammoth Vein Consolidated Coal Co.'s Ap., 54 Pa. 183; Audenried v. R. R., 68 Pa. 370; Shroder's Ap., 1 W. N. 528; Kennedy v. Burgin, 1 Phila. 441; Park Coal Co. v. Cummings, 7 Leg. Gaz. 149; Dull v. Holl, 1 Phila. 258; Huston v. Huston, 1 W. N. 26; Bedford v. Potter, 9 Phila. 560; Smith v. Schmidt, 1 Leg. Gaz. R. 58; Dilworth's Ap., 91 Pa. 250; Electric Street Ry. v. Sayre Borough, 156 Pa. 23.

PER CURIAM, March 26, 1894:

This is an injunction bill. The motion for a preliminary injunction was heard on affidavits, and, upon the case as presented to him at the hearing of the motion, the learned judge refused it.

Upon an examination of the affidavits in relation to the character of the powder to be stored, and the existence of other storehouses of the same kind in the same borough, we are not prepared to say that his action was erroneous. At the final hearing, when all the facts are developed, the question can be more intelligently disposed of than is possible at present.

The order is affirmed.